# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JONI LYNN GOLDSTEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-405 CAS |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Application for Award of Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks attorney's fees in the amount of $5,900.62, which amount is based on multiplying 26.6 hours of attorney time by a rate of $194.76 per hour, and 7.2 hours of paralegal work at $100 per hour. Defendant filed a response stating there is no objection to the request for attorney's fees in the amount of $5,900.62, which should be made payable directly to plaintiff pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), and may be subject to offset to satisfy any pre-existing debt that plaintiff owes to the United States. Plaintiff signed an Affirmation of Waiver and Direct Payment of EAJA Fees, assigning any fee under the EAJA to her attorney. (Doc. 28-5) Defendant states that following this Court's order awarding an EAJA fee payable to plaintiff, defendant will verify whether plaintiff owes a debt to the United States that is subject to offset. If there is no such debt owed by plaintiff, the EAJA fee will be made payable to plaintiff's attorney based on plaintiff's assignment to her attorney.

The Court has reviewed plaintiff's application for an award of fees and expenses under the EAJA, and concludes the statutory requirements are met. By Memorandum and Order and Judgment of Remand dated September 25, 2018, this Court remanded this case to defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A claimant seeking judicial

review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand.  See Shalala v. Schaefer, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour–the maximum statutory rate under § 2412(d)(2)(A)–unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989).  The hourly rate should be increased, however, where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index.  Johnson v. Sullivan, 919 F.2d 503, 504, 505 (8th Cir. 1990).  In this case, counsel has attached summaries of the Consumer Price Index as exhibits and presented uncontested evidence of an increase in the cost of living.  A cost of living increase is appropriate as requested.

Because plaintiff prevailed and is not otherwise precluded from receiving attorney's fees, the Court finds that she is entitled to attorney's fees in the amount of $5,900.62.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application for attorney's fees and costs under the Equal Access to Justice Act is **GRANTED**.  [Doc. 27]

**IT IS FURTHER ORDERED** that defendant Commissioner of Social Security shall pay attorney's fees to plaintiff under the EAJA in the amount of Five Thousand Nine Hundred Dollars and Sixty-Two Cents ($5,900.62), in accordance with the terms of this Memorandum and Order.

_____
CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE

Dated this  7th  day of January, 2019.